UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT PRIEST<br>Plaintiff,<br><br>v.<br><br>GEORGE LITTLE, et al.<br>Defendants. | No. 3 09 0546<br>(No. 3:09-mc-0121)<br>Judge Campbell |

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against George Little, Commissioner of the Tennessee Department of Correction; Ricky Bell, Warden of the Riverbend Maximum Security Institution; and Roland Colson, the Warden at Deberry, seeking injunctive relief and damages.

The plaintiff complains about conditions of his confinement. More specifically, he alleges that the defendants placed a camera in his cell to record his every movement. The plaintiff also claims that the defendants have been medicating him against his will, prison staff have refused to notarize his legal documents, his property and files have been destroyed, and a physician's assistant has threatened him.

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the

defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against the State of Tennessee, the entity exercising custody over the plaintiff.

The Eleventh Amendment bars a suit in federal court by a citizen against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, supra. Congress has not overridden a state's sovereign immunity to civil rights complaints. Nor has the State of Tennessee consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986).

As a consequence, the plaintiff has failed to state a claim against the defendants acting in their official capacities. In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte* 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge